**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:07 CR 360** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Joselin Castro,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 (Doc. 55). For the following reasons, the motion is DENIED.

### Facts

A grand jury charged defendant in a two-count indictment with being a felon in possession of a firearm, and possession with intent to distribute heroin. Defendant filed a

1

motion to suppress evidence which the district court denied.[1] Defendant then entered a conditional plea of guilty to both counts of the indictment, preserving his right to appeal the denial of the motion to suppress. Defendant was sentenced, as a career offender, to 120 months imprisonment on each count, to run concurrently. The plea and sentencing transcript shows that based on defendant's status as a career offender, he was in a sentencing range of 210 to 262 months.  After considering argument by defendant's counsel, however, the district court determined that although defendant was a career offender, he was entitled to a downward departure of one criminal history category and a five level variance as to his offense level.  As a result, defendant was sentenced to 120 months total imprisonment rather than that in the possible range of 210 to 262 months.  Defendant then appealed the denial of his motion to suppress. The Sixth Circuit affirmed.  After his Petition for Writ of Certiorari was denied by the United States Supreme Court, defendant filed his § 2255 motion.

**Discussion**

Generally, a prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th

---

[1] All proceedings in this case were before Judge Kathleen O'Malley.  The matter was transferred to this Court shortly before the filing of the herein motion.

Cir.2005) (citations omitted).

Defendant argues that his counsel was ineffective for failing to point out to the court that he was not a career offender given that his Ohio crime of burglary did not qualify as a crime of violence and, therefore, his sentencing range was between 27 and 33 months with a further downward departure.  Plaintiff argues that the burglary conviction is a crime of violence and, therefore, defendant was properly found to be a career offender.  For the following reasons, this Court agrees.

Defendant was convicted in the Cuyahoga County Common Pleas Court of burglary in violation of Ohio Revised Code § 2911.12(A)(3), a felony of the third degree.  The Sixth Circuit has determined that this is a crime of violence under the Armed Career Criminal Act (ACCA).  *United States v. Holycross*, 333 Fed.Appx. 81 (6th Cir. 2009); *United States v. Lane*, 909 F.2d 895 (6th Cir. 1990).  The ACCA's definition of "violent felony" and the Sentencing Guideline's definition of "crime of violence" are construed in a consistent manner.  *United States v. Bartee,* 529 F.3d 357 (6th Cir. 2008).  Accordingly, defendant does qualify as a career offender under the Sentencing Guidelines given that he has been convicted of a crime of violence.

For these reasons, defendant fails to demonstrate ineffective assistance of counsel.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §  1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.

R.App.P. 22(b).

    IT IS SO ORDERED.


                                       /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge


Dated: 7/13/11